UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| VIRGINIA NATURAL GAS, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: _____ |
| | : | |
| L.M. SANDLER & SONS, INC., | : | **NOTICE OF REMOVAL** |
| TODAY HOMES, INC. and | : | Removed from the Circuit Court |
| WASA PROPERTIES, LLC | : | of Chesapeake, VA |
| | : | CL17001412-00 |
| Defendants. | : | |

Pursuant to 28 USC §§ 1331, 1367, 1441 and 49 USC § 60121, Defendants L.M. Sandler & Sons, Inc., Today Homes, Inc., and WASA Properties, LLC, by counsel, hereby file this Notice of Removal of the above entitled civil action, now pending in the Virginia Circuit Court for the City of Chesapeake, bearing Docket No.: CL17001412-00, to the United States District Court for the Eastern District of Virginia, Norfolk Division. In support of removal, Defendants state as follows:

## BACKGROUND

1. On May 30, 2017, Plaintiff's commenced a civil action in the Circuit Court for the City of Chesapeake, Virginia. (Ex. A Verified Complaint.) This action seeks declaratory and injunctive relief related to the alleged acts and omissions of Defendants within certain easement areas held by Plaintiff. The purpose of the easements was to allow Plaintiff to construct and maintain a natural gas pipeline.

2. Defendants were served with the Verified Complaint on June 1 and June 2, 2017. Thus, this Notice of Removal is filed less than 30 days after service of the Verified Complaint.

3. Defendants have not yet filed any responsive pleadings in the state court.

1

4. A true and accurate copy of all other process, pleadings and orders filed and served on Defendants is attached hereto as Exhibit B.

5. The Verified Complaint asserts Defendants have violated laws related to natural gas pipeline safety and easement rights held by Plaintiff. Natural gas pipelines are regulated by federal statutes and regulations. 49 USC §§ 60101 *et seq.*; 49 CFR Parts 190-199.

6. Based upon the allegations in the Verified Complaint and for the reasons discussed below, Defendants timely remove this civil action to this Court pursuant to 28 USC §§ 1331, 1367, 1441 and 49 USC § 60121.

## GROUNDS FOR REMOVAL

7. Pursuant to 28 USC § 1441 "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. This Court has original jurisdiction over this civil action under 49 USC § 60121(a)(1), which provides "[a] person may bring a civil action in an appropriate district court of the United States for an injunction against another person (including the United States Government and other governmental authorities to the extent permitted under the 11th amendment to the Constitution) for a violation of this chapter [49 USCS §§ 60101 et seq.] or a regulation prescribed or order issued under this chapter [49 USCS §§ 60101 et seq.]"

9. This Court also has jurisdiction concerning alleged violations of state law safety standards and practices because Virginia has adopted certain portions of the federal statutory and regulatory scheme. 49 USC § 60121(c); (Compl. ¶ 1).

10. This court has original subject matter jurisdiction because the facts alleged and relief sought by Plaintiff involve a federal question.

11. All Defendants join in and consent to removal of this action.

12. The Norfolk Division of the Eastern District of Virginia is the district and division where the state court action is pending.

13. The Verified Complaint makes various allegations that Defendants have violated laws related to natural gas pipeline safety and encroached upon Plaintiff's easements.

14. Under the terms of the easements, which were attached to the Verified Complaint, the servient estate holder retains certain rights to build upon and use the easement areas.

15. The only easement encroachments specifically identified in the Verified Complaint are the alleged construction of a retention pond within the easement area (Compl. ¶ 36) and installation of "a heavy brick 'Lake Thrasher' sign over a portion of the Pipeline" (Compl. ¶ 39).

16. Plaintiff's claims and relief sought are not solely related to the rights and obligations of the parties pursuant to the easements. Rather, the vast majority of the allegations and grounds for the requested injunctive relief stem from alleged violations of the pipeline safety laws. Plaintiff at times alleges these violations are state law violations. However, they are only state law violations to the extent Virginia has adopted federal statutes and regulations. (Compl. ¶ 1.)

3

17. In the section entitled "Defendants' Violations of VNG's Easements," Plaintiff recites numerous "violations" which are unrelated to VNG's easement rights and are instead allegations of violations of the pipeline safety laws. Some of the violations of federal law Plaintiff alleges include:

    a. Improper construction work in close proximity to the pipeline (Compl. ¶¶ 27-3). 49 CFR § 196.103

    b. Placement of other utility lines in close proximity to the pipeline (Compl. ¶¶ 34-35). 49 CFR § 192.325.

    c. Failing to provide required notice to VNG prior to "crossing the Pipeline during construction" (Compl. ¶ 38). 49 CFR § 192.614.

18. Plaintiff seeks declaratory and injunctive relief that would, *inter alia*, stop all construction work in the easement areas and enjoin all violations of "applicable law." (Compl. ¶¶ 50-53.) The terms of the easements do not provide for such broad injunctive relief and the only grounds for such a broad ruling would require Plaintiff to prove violations of federal law. In order to afford Plaintiff the right to relief it seeks, resolution of substantial questions of federal law will be necessary.

19. The state law based easement encroachment claims are so related the alleged violations of federal law they are part of the same case and controversy. Thus, this Court has supplemental jurisdiction over the state law based easement claims asserted by Plaintiff.

WHEREFORE, Defendants L.M. Sandler & Sons, Inc., Today Homes, Inc., and WASA Properties, LLC respectfully request the above captioned action pending against them in the Circuit Court for the City of Chesapeake, Virginia be removed to the Norfolk Division of the United States Court for the Eastern District of Virginia.

Respectfully submitted,

L.M. SANDLER & SONS, INC.,
TODAY HOMES, INC. and
WASA PROPERTIES, LLC

By:_____/s/_____

David B. Oakley, Esq. (VSG #72226)
J. Bryan Plumlee, Esq. (VSB #44444)
POOLE BROOKE PLUMLEE PC
4705 Columbus Street, Suite 100
Virginia Beach, VA 23462
Phone: (757) 499-1841
Fax: (757) 552-6016
Email: doakley@pbp-attorneys.com
       bplumlee@pbp-attorneys.com
*Counsel for Defendants L.M. Sandler & Sons, Inc.,*
*Today Homes, Inc. and WASA Properties, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the __12th__ day of June, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and that I mailed the document by U.S. Mail and hand delivery to the following:

Jason E. Manning, Esq. (VSB #74306)
Robert W. Angle, Esq. (VSB #90521)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
*Counsel for Plaintiff Virginia Natural Gas*

Carol C. Mayo
Chesapeake Circuit Court Clerk
General District and Circuit Court Building
307 Albemarle Drive, Suite 300A
Chesapeake, VA 23322-5579

5

By:           /s/

David B. Oakley, Esq. (VSG #72226)
J. Bryan Plumlee, Esq. (VSB #44444)
POOLE BROOKE PLUMLEE PC
4705 Columbus Street, Suite 100
Virginia Beach, VA 23462
Phone: (757) 499-1841
Fax: (757) 552-6016
Email: doakley@pbp-attorneys.com
       bplumlee@pbp-attorneys.com
*Counsel for Defendants L.M. Sandler &
Sons, Inc., Today Homes, Inc. and WASA
Properties, LLC*

6