UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division


VIRGINIA NATURAL GAS, INC.,

      Plaintiff,

    v.                              ACTION NO: 2:17cv311

L.M. SANDLER & SONS.,

TODAY HOMES, INC.,

and

WASA PROPERTIES, LLC,

      Defendants.

<u>ORDER OF REMAND</u>

This matter comes before the court on the Plaintiff's Motion for Remand and Request for Attorney's Fees and Memorandum in Support, both of which were filed June 14, 2017. ECF Nos. 8, 9. On June 28, 2017, the Defendants filed a Response. ECF No. 20. On June 30, 2017, the Plaintiff filed its Reply. ECF No. 21. Accordingly, the matter has been fully briefed and is ripe for review.

**I. FACTUAL BACKGROUND**

The Plaintiff, Virginia Natural Gas, Inc. ("VNG"), seeks declaratory and injunctive relief. Verified Complaint, ECF No. 1-1, at 1. It describes itself as "regulated by the Virginia State Corporation Commission, which has adopted Parts 191, 192,

193, 195, and 199 of Title 49 of the Code of Federal Regulations to serve as minimum pipeline safety standards in Virginia." Id. The Defendants, L.M. Sandler & Sons, Today Homes, and WASA Properties, are all Virginia corporations "responsible for the construction and development of Lake Thrasher, a planned community." Id. at 1-2.

VNG alleges that on April 25, 1995, it entered into two Easement of Right of Way agreements, one with Daniel and Caroline Thrasher, and the other with Thrasher Properties. VNG states that the Easements are permanent and perpetual and permit VNG to lay, construct, operate, and maintain underground pipes, subject to various conditions and restrictions on both sides. Id. at 2-3. VNG represents that the Defendants are successors in title to the grantors of these two Easements and are thus bound by them. Id. at 3.

VNG alleges that the Defendants violated these Easements and complains that they "violated Virginia law by excavating at Lake Thrasher within two (2) feet of the Pipeline." Id. at 5. VNG does not specify which "Virginia law" the Defendants allegedly violated. At the beginning of the Verified Complaint, VNG cites to various parts of Title 49 of the Code of Federal Regulations. Id. at 1. VNG also requests "an order enjoining Defendants from encroaching on VNG's property rights in violation of the Easements and applicable law." Id. at 9.

## II. LEGAL STANDARDS

"The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); see Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y., 822 F.3d 739, 748 (4th Cir. 2016). Removal jurisdiction must be strictly construed, and "any doubts about the propriety of removal should be resolved in favor of remand to state court." Dominion Pathology Labs., 111 F. Supp. 3d at 735.

The Defendants argue that the court has "subject matter jurisdiction because the facts alleged and relief sought by Plaintiff involve a federal question." Notice of Removal, ECF No. 1, at 3. For purposes of federal question jurisdiction, there are two ways in which a civil action can "'arise under' federal law." Flying Pigs, LLC v. RRAJ Franchising, LLC, 757 F.3d 177, 181 (4th Cir. 2014). The first is where "'federal law creates the cause of action asserted.'" Id. (quoting Gunn v. Minton, 568 U.S. 251, 133 S.Ct. 1059, 1064 (2013)). The second is narrower, and it applies "only to a state-law cause of action implicating a 'significant' federal issue." Id.

The Supreme Court has recognized the latter area of the law as an "unruly doctrine." Gunn, 133 S. Ct. at 1065. The analysis is as follows: "federal jurisdiction over a state law claim will

3

lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id.; Dominion Pathology Labs., P.C. v. Anthem Health Plans of Va., Inc., 111 F. Supp. 3d 731, 736 (E.D. Va. 2015) (Smith, C.J.). Accordingly, "if the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 817 (4th Cir. 2004); see Venezuela v. Massimo Zanetti Beverage USA, Inc., 525 F. Supp. 2d 781, 785 (E.D. Va. 2007) (Smith, J.) (explaining that a plaintiff can, as "the master of his claim," rely exclusively on state law and thus "avoid federal jurisdiction").

### III. SUBJECT MATTER JURISDICTION

On its face, the extent to which the Verified Complaint seeks relief under federal law, Virginia law, or under the easements themselves is not clear, as the language is very general and ambiguous. The Plaintiff had also filed a Motion for Temporary Injunction and Brief in Support, ECF No. 1-2, in the Circuit Court for the City of Chesapeake, and it is similarly ambiguous. The Defendants note that the Plaintiff is seeking relief that would "enjoin all violations of 'applicable law.'" Resp. at 3. They argue that "[t]he terms of the easements do not

4

provide for such broad injunctive relief and the only grounds for such a broad ruling would require Plaintiff to prove violations of federal law." Id. The Defendants are correct that the relief requested is quite broad. However, the court will not infer the existence of a federal question simply because the particular phrase used by the Plaintiff did not distinguish between federal and state law.

The Defendants indicate that the Plaintiff's allegations provide this court with subject matter jurisdiction under 49 U.S.C §§ 60121(a)(1). Resp. at 3. While § 60121(a)(1) does provide for civil actions by private persons for injunctions enjoining violations of the Natural Gas Pipeline Safety Act ("NGPSA"), it also states that a person "may bring the action only after 60 days after the person has given notice of the violation to the Secretary of Transportation or to the appropriate State authority . . . and to the person alleged to have committed the violation." 49 U.S.C § 60121(a)(1)(A) (emphasis added). The Plaintiff represented that it has not done so, as it is not alleging an NGPSA violation, and the Defendants have not contradicted this. See Mem. Supp. at 7 n.1.

It is not clear whether the Defendants are arguing that the Plaintiff really alleged violations of federal law and merely disguised them as state law claims, or that resolution of the Plaintiff's state law claims necessarily raises issues of

5

federal law. However, the court reaches the same conclusion either way. Section 60121(a)(1) is clear that the only way for a private party to bring a civil action for violations of the NGPSA is first to comply with the notice requirements. Additionally, § 60121(d) clarifies that the "section does not restrict a right to relief that a person or a class of persons may have under another law or at common law." Id. The statutory scheme does not foreclose independent state law claims of any sort, and there is no reason for the court to conclude that interpretation of the federal law is required to resolve the state law claims. Thus, where the Plaintiff does not cite to § 60121 in its Verified Complaint, and where the Plaintiff did not do that which would have been necessary to file a claim under § 60121, the court has no reason to find that the Plaintiff is really seeking relief under § 60121. "[T]he court must construe the removal statute strictly against removal," and the court will not "read a [federal] claim into plaintiff's complaint where none presently exists." Venezuela, 525 F. Supp. 2d at 787.

Perhaps the Defendants instead mean that the Plaintiff is bringing state law claims that necessarily raise federal issues. In that case, it would seem improper for the court to permit a private action seeking an injunction that was actually based on NGPSA violations to go forward in federal court, even though the

Plaintiff did not comply with the notice requirements of § 60121(a)(1), simply because the claim was technically pled as a state law claim. To do so would be to pave the way for future litigants to evade the requirements put in place by Congress in § 60121(a)(1), while still reaping the benefits the statute provides. Yet, to the extent the Defendants argue that the Plaintiff's claims necessarily raise issues of federal law under the NGPSA, this would require the court to apply federal law to determine whether the Plaintiff is entitled to an injunction, while ignoring what federal law requires of the Plaintiff prior to seeking such an injunction.

In effect, the Defendants ask the court to give § 60121(a)(1) treatment to a claim that it could not have heard, if it were actually pled as a § 60121 claim, due to noncompliance with the notice requirements. The Plaintiff has not complied with the mandatory pre-requisite to bringing a civil action under § 60121(a)(1), and the court declines to treat this as a civil action under § 60121(a)(1). See Columbia Gas Transmission Corp. v. Drain, 191 F.3d 552, 555 n.2 (4th Cir. 1999) (finding that the appellee had not alleged a violation of the NGPSA and noting that, even if it had, the appellee conceded that it did not comply with the § 60121(a)(1) pre-requisite).[1] To

---

[1] The Defendants cite to an Eighth Circuit case in an attempt to distinguish the situation at hand from that in Drain.

7

the extent it would ever be appropriate for the court to do so, it would still not be proper here, because the Defendants have not met their burden of showing, by a preponderance of the evidence, that this action is one arising under federal law. The Plaintiff's mention of federal pipeline safety standards and the mere theoretical applicability of § 60121(a)(1) are not enough to show that a federal issue is necessarily raised, and, thus, subject matter jurisdiction fails at the first step in the analysis.

To the extent that, as the Defendants argue, the relief the Plaintiff seeks is unavailable under Virginia state law, that is a question of merit for the state court to determine. Even if, hypothetically, the Plaintiff's action was doomed to fail under state law, and destined for success had it been properly brought under § 60121(a)(1), that still would not give this court subject matter jurisdiction over this claim at this juncture. See Venezuela, 525 F. Supp. 2d at 786 ("Whether or not the plaintiff could have brought a [federal] claim is irrelevant to the analysis of whether or not his complaint is removable."). The federal question must be necessary to the issue actually raised, not to an issue that could have been raised. Here, the

---

See Resp. at 6 (citing Laclede Gas Co. v. St. Charles Cty., 713 F.3d 413, 415-18 (8th Cir. 2013)). However, in Laclede Gas Co., the Eighth Circuit found that the claim was properly before it because that plaintiff had complied with the notice requirements. Laclede Gas Co., 713 F.3d at 418.

Plaintiff has alleged, and can support its claim with, a theory that does not require interpretation of federal law. See Dixon, 369 F.3d at 817. Accordingly, the Defendants have not met their burden of establishing subject matter jurisdiction by a preponderance of the evidence.

### IV. ATTORNEY FEES

The Plaintiff also requests that it be awarded attorney fees. Courts "may require payment of . . . attorney fees[] incurred as a result of the removal." 28 U.S.C. § 1447(c). "Whether a court should award fees turns on the reasonableness of the removal." Branch Banking & Trust Co. v. Lochner, No. 1:09cv407, 2009 WL 1617955, at *3 (E.D. Va. June 9, 2009). Courts can only award attorney fees if "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). While a close look at the law reveals the necessity of remand, the court does not find that the Defendants lacked any objectively reasonable basis for seeking removal, particularly when the Plaintiff's Verified Complaint cited to specific federal regulations, while at the same time failing to specify which state laws it alleges were violated. The Plaintiff's request for attorney fees is **DENIED**.

## V. CONCLUSION

Because the Defendants did not meet their burden of establishing subject matter jurisdiction by a preponderance of the evidence, the Plaintiff's Motion for Remand, ECF No. 8, is **GRANTED**. However, the court **DENIES** the Plaintiff's request for attorney fees. Additionally, the court **DENIES** the Plaintiff's Motion to Stay, filed June 30, 2017, ECF No. 22, as **MOOT**. The Clerk is **DIRECTED** to forward a copy of this Order of Remand to counsel for the parties and to the Clerk of the Circuit Court for the City of Chesapeake.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

July 5, 2017